SARTAIN, Judge.
This suit was filed December 22, 1976 by Parish National Bank (Parish) against Willie J. Blair in his capacity as Sheriff and Ex-Officio Tax Collector of Washington Parish. Parish is now seeking a writ of mandamus or alternatively an injunction to compel Blair to déposit funds in his hands in “accordance with law.”
Defendant Blair maintains four separate accounts in his official capacity in three banks in Washington Parish. A sheriff’s fund account is maintained at Parish National Bank, a bond fund account is maintained at Washington Bank & Trust Co., and both a tax collection account and a salary fund account are maintained at First State Bank & Trust Co. These accounts include funds to be distributed to local governing bodies or to be retained by the sheriff for his official use. None of the accounts included funds belonging to the state.
Blair maintains that R.S. 39:409 gives him authority to deposit funds in his hands in any bank in the parish which has been designated as either a fiscal agent of the state or of the particular parish. Parish maintains that funds held by the sheriff which belong to the state are to be deposited in a state fiscal agency bank pending their transmission to the state treasury, funds belonging to local governing bodies are to be deposited in the parish fiscal agency bank, and funds of the sheriff are to be deposited in a bank selected by him through a bid procedure (R.S. 39:1214).
R.S. 39:409 provides, “All public funds received by and in the hands of sheriffs and tax collectors, pending their transmission to the state treasurer, or public body for whose account they are collected, shall be deposited by the receiving officer daily, whenever practicable, with a fiscal agent bank domiciled in the parish where the funds are collected which has been selected in the manner provided by law as the fiscal agency or agencies either of the state or of the particular parish . .
Blair asserts that this statute allows him to deposit all public funds which he receives in either a state or parish fiscal agent bank. However, this reading overlooks the fact that the phrase “[a]ll public funds” is qualified by the phrase “pending their transmission . . .” The statute is meant to apply to funds collected by the sheriff for the state or a local governing body. It has no application to the sheriff’s own funds. To determine where these funds are to be deposited one should then look to R.S. 39:1211, et seq. (originally Act 39 of 1934). This statute sets up a procedure for local depositing authorities (which includes sheriffs) to use in selecting a fiscal agent bank.
But it is contended that the preamble and repealing clause of Act 265 of 1938 (presently R.S. 39:409) indicate a legislative intent that Act 265 was intended to cover all public funds in the hands of the sheriff. Both of these provisions include language that the act is meant to “repeal all laws or parts of laws in conflict herewith, particularly the provisions of Act 39 of 1934 relating to sheriffs and ex-officio tax collectors.” This only repeals laws in conflict with Act 265. Since Act 265 does not by its terms cover funds held by the sheriff for his own account, the provisions of Act 39 covering this situation remain effective. Repeals by implication are not favored. Gulf Oil Corp. v. State Mineral Board, 317 So.2d 576, 587 (La.1975). Therefore Blair cannot maintain his salary fund account in First State Bank & Trust Co. He must follow the bid procedure given in R.S. 39:1214.
As to the parish funds held by the sheriff, he does have the discretion under R.S. 39:409 to deposit them in a state fiscal agent bank. The law says that parish or state funds may be deposited in either a parish or state fiscal agent bank. Although it would be logical to require parish funds to be placed in a parish agency bank and state funds in a state agency bank, the statute does not say this. “When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.” C.C. Art. 13.
*1244 The funds in Washington Bank & Trust Co. cannot be maintained there. R.S. 39:409 has no application to this account because the Washington Bank is neither a state or a parish fiscal agent.
For the reasons assigned, the judgment appealed from is affirmed in part and reversed in part. As to the parish funds deposited in the First State Bank & Trust Co., the judgment is affirmed; as to the funds in the Washington Bank & Trust Co., the judgment is reversed; and, as to the sheriff’s funds in the First State Bank & Trust Co., the judgment is reversed. The case is remanded to the lower court for further proceedings consistent with this opinion. All costs of this appeal are assessed equally between the parties.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.